Pratt, J.
This action was brought to recover damages for killing the plaintiff’s mare through the alleged carelessness of the defendant’s servant. It is very difficult to ascertain the truth of the transaction from reading the printed case but the jury found a verdict upon contradictory testimony, and the verdict must stand unless some error was committed in the submission of the case. The question of fact to be settled was which wagon was in motion when the collision occurred, or, in other words, did the defendant drive against the plaintiff’s wagon or the contrary.
There is evidence sufficient to sustain a verdict upon either theory. The *933 jury had the advantage of seeing the witnesses and hearing them testify and their verdict upon the credibility of the witnesses must be taken as final.
If the jury believed the testimony of the plaintiff’s driver the allegation that he was free from fault contributing to the injury was sufficiently made out, and the motion for a nonsuit was properly denied.
The third exception has no merit. There was no evidence in the case that made the request relevant to the issue, besides the whole conduct of the plaintiff’s driver was submitted to the jury under a charge so clear and specific that it seems impossible that the jury could have been misled. It was a question of fact for the jury to determine whether the plaintiff's driver was negligent in driving to the point he stopped his horses.
The simple issue as made by the evidence was whether while the plaintiff's team was standing still the defendant’s team was negligently driven against the plaintiff’s wagon.
The immediate cause of the injury was the collision not the obstructions in the street or the previous driving of the plaintiff’s team. Assuming that the plaintiff’s driver was in fault in driving as far as he did before stopping, if, as he claimed, he was standing still and there was room enough for the ice wagon to pass as the brick wagon had already done, such did not directly contribute to the accident, but the answer to the proposition is that the conduct of the plaintiff’s driver was a matter for the jury and was properly submitted to them
The motion for a new trial upon newly discovered evidence was also properly denied. The defendant fails to bring himself within any rule warranting the granting oí a new trial upon such ground. The new evidence is cumulative and h® fails to make out a case of surprise, besides the affidavits of the plaintiff go to show that no different result would be obtained upon a new trial.
The question as to the ownership of the mare or time of the injury is so far settled by the judgment as to make it conclusive upon both the plaintiff and Taylor, the alleged owner.
The judgment must be affirmed, with costs.
Babnabd, P. J., and Dtioiab. J., concur.